**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division**

| | |
|---|---|
| KHADIJA LAAMIME, | ) |
| | ) |
| Plaintiff | ) |
| | ) |
| v. | )   Case No. 1:13-cv-793 CMH/JFA |
| | ) |
| SANAA ABOUZAID, *et al.*, | ) |
| | ) |
| Defendants. | ) |

## AMENDED ANSWER TO AMENDED COMPLAINT

The defendants, Sanaa Abouzaid ("Ms. Abouzaid") and Ayman El Tarabishy ("Mr. El Tarabishy") (together, the "Defendants"), responding to the Amended Complaint in like-numbered paragraphs, submit the following as their Amended Answer to Plaintiff's Amended Complaint:

    1.      Denied.

    2.      Denied.

    3.      Denied.

    4.      Denied.

## JURISDICTION AND VENUE

    5.      These allegations are legal conclusions to which no response is required.

    6.      Admit that Defendants reside in this judicial district.  Denied that either or both Defendants regularly conduct business within this judicial district.  Denied that either or both Defendants committed the wrongful acts alleged in this Complaint in this, or any, judicial district.

7.     These allegations are legal conclusions to which no response is required. Defendants deny the "events or omissions" allegedly giving rise to this claim.

8.     These allegations are legal conclusions to which no response is required. Defendants deny the "events or omissions" allegedly giving rise to this claim.

## PARTIES

9.     Admitted that Plaintiff is a 33-year-old Moroccan national. Defendants lack sufficient information to admit or deny whether Plaintiff currently resides in the United States. Admitted that Plaintiff legally entered and resided in the United States by virtue of a G-5 employment visa. Admitted that Plaintiff resided with Defendants and worked in their home in Arlington, Virginia, pursuant to a written contract. Admitted that Defendants moved during this time period so Plaintiff worked in two different homes, though not concurrently. Admitted that Plaintiff lived with Defendants from January 20, 2011 until she left on December 29, 2011. Admitted that Plaintiff worked in Defendants' home from January 20, 2011 until her employment was terminated on December 18, 2011. Denied that Plaintiff worked through December 29, 2011. Otherwise, denied.

10.     Admitted.

11.     Admitted that Ms. Abouzaid resided with her two children and husband, Mr. El Tarabishy, in an apartment in Arlington, Virginia from January 2011 until April 23, 2011. Admitted that from April 23, 2011 to the present, Ms. Abouzaid resided in a townhome in Arlington, Virginia with her husband and two children. Otherwise, denied.

12.     Admitted.

13.     Denied that Mr. El Tarabishy was a foreign national. Admitted that he was employed by The George Washington University and the International Council for Small

2

Business in Washington, DC.  Admitted that Mr. El Tarabishy resided with his two children and

wife, Ms. Abouzaid, in an apartment in Arlington, Virginia from January 2011 until April 23,

2011.  Admitted that from April 23, 2011 to the present, Mr. El Tarabishy resided in a townhome

in Arlington, Virginia with his wife and two children.  Otherwise, denied.

     14.    Denied.

## FACTS

     15.    Upon information and belief, admitted that Ms. Laamime was born in Morocco on

January 1, 1980. Admitted that Ms. Laamime lived in a clay home in Sidi El Mokhtar,

Chichaoua, Morocco, as most homes in Moroccan villages are constructed of clay.  Admitted

that she lived with her parents and some extended family.  Defendants lack sufficient

information to admit or deny the exact level of Ms. Laamime's education; however, admitted

that Ms. Laamime had limited reading and writing abilities.  Admitted that during the time in

question, Ms. Laamime spoke only Arabic and did not read or speak English, though she learned

some basic English during that time.

     16.    Denied.

     17.    Admitted that, after having two children, the Defendants sought in-home help and

that, after exploring their options, they decided to consider sponsoring a nanny/housekeeper from

Morocco pursuant to the G-5 Visa process.  Admitted that Ms. Abouzaid's family in Morocco

helped the Defendants identify potential candidates for the position.  Whether any family

member(s) acted as an agent is a legal question to which no response is required.  To the extent

an answer is required, that allegation is denied.

     18.    Admitted that Ms. Abouzaid's mother identified Ms. Laamime as a possible

candidate for the position.  Otherwise denied.

19.     Denied.

20.     Admitted that Ms. Laamime accepted the position. Defendants lack sufficient knowledge to admit or deny Ms. Laamime's motivation for doing so.

21.     Admitted that Ms. Abouzaid's parents helped Ms. Laamime with the visa application process and paid all related expenses. Denied that this was done "at the direction of" the Defendants.

22.     Admitted that in January 2011, Ms. Laamime's G-5 visa application was approved.  The remaining allegations assert legal opinions and conclusions to which no response is required.  The rules and regulations governing G-4 and G-5 visas speak for themselves.

23.     Denied as phrase.  Admitted only that Ms. Laamime and her brother traveled to Casablanca and, while they were there, stayed with Ms. Abouzaid's parents in their home. Admitted that Ms. Abouzaid's father helped Ms. Laamime get to the U.S. Consulate in Casablanca, but denied that he accompanied Ms. Laamime into the Office.

24.     Denied that Ms. Laamime was presented with the employment contract at the U.S. Consulate. Admitted that during her visit, a translator from the Consulate explained in detail the terms of the contract, and that Ms. Abouzaid had already gone over it with Ms. Laamime in detail prior to her meeting with U.S. Consulate.

25.     The First Employment Contract speaks for itself and to the extent these allegations fully and accurately characterize the First Employment Contract, they are admitted, and to the extent these allegations do not fully and accurately characterize the First Employment Contract, they are denied.

26.     Denied.

27.     Admitted only that Ms. Laamime signed the First Employment Contract and that Ms. Abouzaid also signed the First Employment Contract.  Otherwise, denied.

28.     Denied that any oral promises were made to Ms. Laamime.  The remaining allegations are denied.

29.     Defendants lack sufficient information to admit or deny Ms. Laamime's prior history of travel. Otherwise, admitted.

30.     Denied.

31.     Denied.

32.     Denied.

33.     Denied.

34.     Denied.

35.     Denied.

36.     Denied.

37.     Denied.

38.     Denied.

39.     Denied.

40.     Admitted only that while they lived in the family's first apartment, one baby camera was purchased following an incident in which one of the infants was injured under Ms. Laamime's care; however, the camera did not work and was returned.  No other camera was used in either residence, and Ms. Laamime was not told that cameras were installed in the home.  All other allegations are denied.

41.     Denied.

42.     Denied.

43.     Denied.

44.     Admitted that Abouzaid created a joint account in January 2011 in order to facilitate payment by direct transfer. Admitted that the joint account remained open only until April 2011 when Ms. Abouzaid attended the World Bank orientation and learned that the accounts should be separated. Otherwise, denied.

45.     Denied.

46.     The Second Employment Contract speaks for itself and to the extent these allegations fully and accurately characterize the Second Employment Contract, they are admitted, and to the extent these allegations do not fully and accurately characterize the Second Employment Contract, they are denied.   Admitted only that the Second Employment Contract was written in English and was signed by Ms. Abouzaid and Ms. Laamime.  Otherwise, denied.

47.     Denied that Ms. Laamime was mistreated and that the terms of the Second Employment Contract were violated.

48.     Denied.

49.     Admitted that Ms. Laamime received pay stubs written in English and that the pay stubs were explained to her in detail in Arabic by Ms. Abouzaid.  Denied that Ms. Laamime did not understand the pay stubs, as she expressed and demonstrated an understanding of numbers and monetary values.

50.     Denied.  Ms. Laamime refused to accept payment for her December 2011 work.

51.     Denied.

52.     Denied.

53.     Denied.

54.     Denied.

6

55.     Denied.

56.     Denied.

57.     Denied.

58.     Denied.

59.     Defendants lack sufficient information to admit or deny the fact or frequency of

Ms. Laamime's stomach pains, as she never mentioned any such pains.

60.     Admitted only that Ms. Laamime lived and interacted with Defendants on a daily

basis.  The remaining allegations are denied.

61.     Denied.

62.     Denied.

63.     Denied.

64.     Denied.

65.     Denied.

66.     Denied.

67.     Denied.

68.     Denied

69.     Denied.

70.     Denied.

71.     Admitted only that Ms. Abouzaid informed Ms. Laamime on December 18, 2011

that her employment was being terminated and Ms. Laamime would have to return to Morocco

on December 29, 2011.  On December 29, 2011, Ms. Laamime left Defendants' home after

refusing to accept or take the last check and plane ticket to Morocco that Ms. Abouzaid gave her,

and indicated her intent to stay in the United States.  Defendants lack sufficient information to admit or deny where Ms. Laamime went after leaving their home.  Otherwise, denied.

72.     Denied that Ms. Laamime "escaped."  Defendants lack sufficient information to admit or deny the status of Ms. Laamime's health after she left their home.  At the time that she left Defendants' home, Ms. Laamime appeared to be in good health.

73.     Defendants lack sufficient information to admit or deny these allegations.

74.     The defendants lack sufficient information to admit or deny these allegations.

75.     Denied.

## FIRST CLAIM FOR RELIEF

**Involuntary Servitude**
**Pursuant to the Thirteenth Amendment to the U.S. Constitution and**
**18 U.S.C. §§ 1584, 1595**
**(Against Both Defendants)**

76.     Defendants incorporate their responses to the foregoing paragraphs as if fully stated herein.

77.     These are legal conclusions to which no response is required.

78.     Denied.

79.     Denied.

80.     Denied.

81.     Denied.

82.     Denied.

83.     Denied.

84.     Denied.

85.     Denied.

86.     Denied.

87.     Denied.

88.     Denied.

89.     Denied.

## SECOND CLAIM FOR RELIEF

**Trafficking with Respect to Peonage, Slavery, Involuntary Servitude, or
Forced Labor in Violation of the Trafficking Victims Protection Act of 2000,
18 U.S.C. §§ 1590, 1595
(Against Both Defendants)**

90.     Defendants incorporate their responses to the foregoing paragraphs as if fully

stated herein.

91.     Denied.

92.     Denied.

93.     Denied.

94.     Denied.

95.     Denied.

## THIRD CLAIM FOR RELIEF

**Forced Labor Violation of the Trafficking Victims Protection Act of 2000,
18 U.S.C. §§ 1589, 1595
(Against Both Defendants)**

96.     Defendants incorporate their responses to the foregoing paragraphs as if fully

stated herein.

97.     Denied.

98.     Denied.

99.     Denied.

100.    Denied.

101.    Denied.

## FOURTH CLAIM FOR RELIEF

**Federal Minimum Wage
(Against Both Defendants)**

102.     Defendants incorporate their responses to the foregoing paragraphs as if fully

stated herein.

103.     These are legal conclusions to which no response is required.

104.     Denied.

105.     Denied.

106.     Denied.

## FIFTH CLAIM FOR RELIEF

**False Imprisonment
(Against Both Defendants)**

107.     Defendants incorporate their responses to the foregoing paragraphs as if fully

stated herein.

108.     Denied.

109.     Denied.

110.     Denied.

111.     Denied.

112.     Denied.

113.     Denied.

114.     Denied.

### SIXTH CLAIM FOR RELIEF

**Breach of Contract I**
**(Against Defendant Abouzaid)**

115.     Defendants incorporate their responses to the foregoing paragraphs as if fully

stated herein.

116.     Admitted that Ms. Laamime signed the First Employment Contract on December

21, 2010, and Ms. Abouzaid signed the First Employment Contract on December 27, 2010.

Admit that the First Employment Contract was a binding agreement.  As to the remaining

allegations, the First Employment Contract speaks for itself and to the extent these allegations

fully and accurately characterize the First Employment Contract, they are admitted, and to the

extent these allegations do not fully and accurately characterize the First Employment Contract,

they are denied.

117.     Whether the written contract was fully integrated is a legal conclusion to which

no response is required.  Denied that additional oral terms were offered and accepted as collateral

terms.

118.     The First Employment Contract speaks for itself, including regarding provisions

related to live-in status.   To the extent these allegations fully and accurately characterize the

First Employment Contract, they are admitted, and to the extent these allegations do not fully

and accurately characterize the First Employment Contract, they are denied.   Denied that any

oral terms were offered as collateral terms of the contract.  The remaining allegations are legal

conclusions to which no response is required.

119.     Denied.

120.     Admitted that Ms. Laamime performed some, but not all, of her obligations under

the First Employment Contract.

121.    Ms. Abouzaid does not understand what is meant by this allegation and the same is therefore denied.

122.    Denied.

123.    Denied that Ms. Abouzaid committed numerous breaches of the First Employment Contract.  Admitted that for approximately three months at the beginning of the employment, Ms. Abouzaid had access to Ms. Laamime's bank account, but that changed immediately following the orientation Ms. Abouzaid and Ms. Laamime attended in April 2011. Admitted that Ms. Abouzaid agreed to pay Ms. Laamime's overtime as a lump sum at the end of the year, that she kept track of those hours and tried to pay Ms. Laamime for that time, but Ms. Laamime refused to accept the check for those funds.  Otherwise, these allegations are denied.

124.    Denied.

125.    Denied.

126.    Denied.

127.    Denied.

128.    This is a legal conclusion to which no response is required.

129.    Denied.

130.    Denied.

### SEVENTH CLAIM FOR RELIEF

**Breach of Contract II**
**(Against Defendant Abouzaid)**

131.    Defendants incorporate their responses to the foregoing paragraphs as if fully stated herein.

132.    Admitted that Ms. Laamime and Ms. Abouzaid executed the Second Employment Contract on or about October 28, 2011.  Admitted that Ms. Laamime and Ms. Abouzaid intended

the Second Employment Contract to go into effect in December 2011, assuming Ms. Laamime's

G-5 visa was renewed per law.  As to the remaining allegations, the Second Employment

Contract speaks for itself and to the extent these allegations fully and accurately characterize the

Second Employment Contract, they are admitted, and to the extent these allegations do not fully

and accurately characterize the Second Employment Contract, they are denied.

133.    Whether the written contract was fully integrated is a legal conclusion to which

no response is required.  Denied that additional oral terms were offered and accepted as collateral

terms.

134.    The Second Employment Contract speaks for itself, including regarding

provisions related to live-in status.   To the extent these allegations fully and accurately

characterize the Second Employment Contract, they are admitted, and to the extent these

allegations do not fully and accurately characterize the Second Employment Contract, they are

denied.   Denied that any oral terms were offered as collateral terms of the contract.  The

remaining allegations are legal conclusions to which no response is required.

135.    Denied.

136.    Admitted that Ms. Laamime performed some, but not all, of her obligations under

the Second Employment Contract.

137.    Ms. Abouzaid does not understand what is meant by this allegation and the same

is therefore denied.

138.    Denied.

139.    Denied that Ms. Abouzaid committed numerous breaches of the Second

Employment Contract.  Admitted only that Ms. Abouzaid agreed to pay Ms. Laamime's

overtime as a lump sum at the end of the year, that she kept track of those hours and tried to pay

13

Ms. Laamime for that time, but Ms. Laamime refused to accept the check for those funds.

Otherwise, these allegations are denied.

140. Denied.

141. Denied.

142. Denied.

143. Denied.

144. Denied.

145. Denied.

146. Denied.

## EIGHTH CLAIM FOR RELIEF

**Intentional Infliction of Emotional Distress**
**(Against Defendant Abouzaid)**

147. Defendants incorporate their responses to the foregoing paragraphs as if fully
stated herein.

148. Denied.

149. Denied.

150. Denied.

151. Denied.

152. Denied.

153. Denied.

Any allegation in the Amended Complaint not specifically admitted herein is denied.

## PLAINTIFF'S PRAYER FOR RELIEF

In response to the WHEREFORE clause, Defendants deny that Ms. Laamime is entitled
to any of the relief requested therein.

## AFFIRMATIVE DEFENSES

Defendants set for the following affirmative defenses:

## FIRST AFFIRMATIVE DEFENSE

The Amended Complaint fails to state a claim upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

Ms. Abouzaid discharged her contractual duties in accordance with the parties' agreement and the relevant law.

## THIRD AFFIRMATIVE DEFENSE

Ms. Laamime's Amended Complaint may be barred, in part, by applicable statutes of limitations.

## FOURTH AFFIRMATIVE DEFENSE

Ms. Laamime's Amended Complaint may be barred by the doctrine of unclean hands.

## FIFTH AFFIRMATIVE DEFENSE

Defendants acted in good faith as to all matters and at all times relevant to this action.

## SIXTH AFFIRMATIVE DEFENSE

Defendants did not proximately cause any of the damages alleged herein and cannot be held responsible for Ms. Laamime's alleged stomach cancer and related treatment.

## SEVENTH AFFIRMATIVE DEFENSE

Defendants reserve the right to rely on other and further defenses of which they may become aware at or before the trial of this matter.

WHEREFORE, Defendants request that Ms. Laamime's Amended Complaint be dismissed and that judgment be entered in their favor, and that they be awarded costs and

attorneys' fees as permitted by law, and the Court award them such other and further relief as may be appropriate.

**Dated:**  December 2, 2013                                    Respectfully Submitted,

                                                                SANAA ABOUZAID and
                                                                AYMAN EL TARABISHY
                                                                By Counsel


                                                                _____/s/_____
                                                                Alexa K. Mosley (VSB #71300)
                                                                Rodney G. Leffler (VSB #18742)
                                                                Attorneys for Defendants
                                                                LEFFLER & MOSLEY, P.C.
                                                                10555 Main Street
                                                                Suite 600
                                                                Fairfax, Virginia  22030
                                                                Tel: (703) 293-9300
                                                                Fax: (703) 293-9301
                                                                Email: amosley@leffler-law.com
                                                                Email: rleffler@leffler-law.com

**<u>CERTIFICATE OF SERVICE</u>**

I HEREBY CERTIFY that on the 2nd day of December, 2013, I electronically filed the foregoing with the Clerk of Court using CM/ECF system, which will send a notification of such filing to:

> Mary D. Hallerman, Esq.
> McDermott Will & Emery LLP
> 500 North Capitol Street, N.W.
> Washington, DC 20001
> mhallerman@mwe.com

_____/s/_____
Alexa K. Mosley (VSB #71300)
Attorney for Defendants
LEFFLER & MOSLEY, P.C.
10555 Main Street
Suite 600
Fairfax, Virginia  22030
Tel: (703) 293-9300
Fax: (703) 293-9301
Email: amosley@leffler-law.com
