# EXHIBIT 1

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA

### Alexandria Division

| | |
|---|---|
| **KHADIJA LAAMIME,** | ) |
| | ) |
| | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| | ) |
| **v.** | )     **Case No. 1:13-cv-793 CMH/JFA** |
| | ) |
| **SANAA ABOUZAID and AYMAN EL** | ) |
| **TARABISHY,** | ) |
| | ) |
| **Defendants.** | ) |

### PLAINTIFF'S OBJECTIONS TO DEFENDANTS' FIRST REQUEST
### FOR PRODUCTION OF DOCUMENTS

Pursuant to Federal Rule of Civil Procedure 34 and Local Civil Rule 26, Plaintiff Khadija

Laamime ("Plaintiff"), by and through her counsel, submits her objections to Defendants' First

Request for Production of Documents, dated October 18, 2013 (the "Requests").

### GENERAL OBJECTIONS

Plaintiff makes the following General Objections to each and every document request in

the Requests, whether or not separately set forth in the Specific Objections to each document

request. Plaintiff's General Objections are based solely on the information that is presently

available and known to Plaintiff. Plaintiff's objections are made without in any way waiving or

intending to waive: (1) all questions as to competency, relevancy, materiality, privilege, and

admissibility as evidence for any purpose of the response or subject matter thereof, in any

subsequent proceeding in the trial of this or any other action; (2) the right to object on any

ground to the use of said objections, or the subject matter thereof, in any subsequent proceeding

1

in or in the trial of this or any other action; and (3) the right to object on any ground at any time to other discovery procedures involving or relating to the subject matter of these Requests. Plaintiff expressly preserves the right to raise any of the above issues at an appropriate time. Plaintiff's General Objections are as follows:

1.      Plaintiff objects to the "Definitions" set forth in the Requests to the extent that they seek to impose discovery obligations upon Plaintiff that differ from or exceed those set forth in the Federal Rules of Civil Procedure and Local Civil Rules of the United States District Court for the Eastern District of Virginia.

2.      Plaintiff objects to the "Instructions" set forth in the Requests to the extent that they seek to impose discovery obligations upon Plaintiff that differ from or exceed those set forth in the Federal Rules of Civil Procedure and Local Civil Rules of the United States District Court for the Eastern District of Virginia.

3.      Plaintiff objects to the Requests to the extent that they seek to impose discovery obligations upon Plaintiff that differ from or exceed those set forth in the Federal Rules of Civil Procedure and Local Civil Rules of the United States District Court for the Eastern District of Virginia.

4.      Plaintiff objects to the Requests to the extent that they call for the disclosure of documents protected by the attorney-client privilege, the attorney work product doctrine, or any other applicable statutory or common law privilege or bar on disclosure.  Moreover, inadvertent disclosure of privileged or protected documents shall not be deemed a waiver of such privilege or protection.

5.      Plaintiff objects to the Requests on grounds of overbreadth, undue burden, and harassment to the extent that they seek documents that are not obtainable through a reasonably diligent search by Plaintiff, or documents that are not currently within her custody, possession, or control.

6.      Plaintiff objects to the Requests to the extent that they seek documents readily available to Defendants and/or which were created by or are in the possession, custody or control of the Defendants.

7.      Plaintiff objects to the Requests to the extent that they seek information that is not reasonably calculated to lead to the discovery of admissible evidence.

8.      Plaintiff objects to the Requests to the extent that they call for speculation and conjecture, opinion, or legal conclusion.

9.      Plaintiff objects to the "Definition" number 4 to the extent that this Definition calls for production of documents protected by the attorney-client privilege and/or attorney work product doctrine.  Plaintiff further objects to this Definition to the extent it seeks documents not reasonably within the control or custody of Plaintiff, such as documents from "bankers, consultants, insurance companies, investigators, and any other representatives."

10.     Plaintiff objects to "Instruction" number 3 to the extent it calls for the production of irrelevant, non-responsive information.

11.     Plaintiff objects to "Instruction" number 6 as unduly burdensome.

## SPECIFIC OBJECTIONS TO DOCUMENT REQUESTS

### REQUEST NO. 1:

All documents that constitute or relate to communications between the Plaintiff and Defendants regarding the Plaintiff's employment.

### OBJECTIONS TO REQUEST NO. 1

Plaintiff objects to this request to the extent that it seeks documents readily available to the Defendants, namely documents in their custody, control or possession, and/or documents created by the Defendants.

### REQUEST NO. 2:

All documents provided to you by Defendants.

### OBJECTIONS TO REQUEST NO. 2

Plaintiff objects to this request as seeking documents readily available to the Defendants, namely documents Defendants provided to Plaintiff, documents in the custody, control or possession of Defendants, and/or documents created by the Defendants.  Plaintiff further objects to this request as overbroad and as not reasonably calculated to lead to the discovery of admissible evidence.

### REQUEST NO. 3:

All documents relating to the payment of Plaintiff by Defendants, including, without limitation, copies of any checks, pay stubs and bank statements.

## OBJECTIONS TO REQUEST NO. 3

Plaintiff objects to this request to the extent that it seeks documents readily available to the Defendants, namely documents in their custody, control or possession, and/or documents created by the Defendants.

## REQUEST NO. 4:

All documents relating to the number of hours you worked for Defendants from January through December 2011, including, without limitation, logs of hours provided to you by Defendants, and any records made and/or kept by you.

## OBJECTIONS TO REQUEST NO. 4

Plaintiff objects to this request to the extent that it seeks documents readily available to the Defendants, namely documents in their custody, control or possession, and/or documents created by the Defendants.

## REQUEST NO. 5:

All documents relating to any health insurance since January 2011.

## OBJECTIONS TO REQUEST NO. 5

Plaintiff objects to this request to the extent that it seeks documents readily available to the Defendants, namely documents in their custody, control or possession, and/or documents created by the Defendants.

## REQUEST NO. 6:

All medical records, including, without limitation, progress notes, nurses notes, hospital records, medical reports, physical therapy records, and diagnostic testing (i.e., x-rays, MRI scans, CT scans EMGs, etc.), and other documents or writings which concern or relate to all physical injuries claimed in this lawsuit, including from any hospital or other institution, or any doctors,

practitioners, nurses, psychologists or other health care providers, including mental health care providers, who have seen you, consulted with you or examined, diagnosed, treated or cared for you as a result of the damages you claim in your amended complaint.

**OBJECTIONS TO REQUEST NO. 6**

Plaintiff objects to this request as containing multiple compound subparts, as overbroad, and as not reasonably calculated to lead to the discovery of admissible evidence.  Plaintiff further objects to this request to the extent it calls for the disclosure of documents protected by applicable statutory or common law privilege or bar on disclosure.

**REQUEST NO. 7:**

All medical records, including, without limitation, progress notes, nurses notes, hospital records, medical reports, physical therapy records, and diagnostic testing (i.e., x-rays, MRI scans, CT scans EMGs, etc.), and other documents or writings which concern or relate to all mental or emotional injuries claimed in this lawsuit, including from any hospital or other institution, or any doctors, practitioners, nurses, psychologists or other health care providers, including mental health care providers, who have seen you, consulted with you or examined, diagnosed, treated or cared for you as a result of the damages you claim in your amended complaint.

**OBJECTIONS TO REQUEST NO. 7**

Plaintiff objects to this request as containing multiple compound subparts, as overbroad, and as not reasonably calculated to lead to the discovery of admissible evidence.  Plaintiff further objects to this request to the extent it calls for the disclosure of documents protected by applicable statutory or common law privilege or bar on disclosure.

**REQUEST NO. 8:**

All medical records and related bills, not produced in response to Requests 6 or 7, from 2011 through the present, including records from any medical or dental care received in Morocco or the United States.

**OBJECTIONS TO REQUEST NO. 8**

Plaintiff objects to this request as containing multiple compound subparts, as overbroad, and as not reasonably calculated to lead to the discovery of admissible evidence.  Plaintiff further objects to this request on the grounds of relevance to the extent the request seeks "records from any medical or dental care received in Morocco".  Plaintiff further objects to this request to the extent it calls for the disclosure of documents protected by applicable statutory or common law privilege or bar on disclosure.

**REQUEST NO. 9:**

All medical bills or invoices which relate in any way to the claims you made in the amended complaint, including from any hospital or other institution, or any doctors, practitioners, nurses, psychologists or other health care providers, including mental health care providers, who have seen you, consulted with you or examined, diagnosed, treated or cared for you as a result of the damages you claim in your amended complaint.

**OBJECTIONS TO REQUEST NO. 9**

Plaintiff objects to this request as containing multiple compound subparts, as overbroad, and as not reasonably calculated to lead to the discovery of admissible evidence.  Plaintiff further objects to this request on the grounds of relevance.  Plaintiff further objects to this request as duplicative of Request Nos. 6, 7, and 8.  Plaintiff further objects to the extent this request calls for the production of documents protected by the attorney-client privilege and/or the attorney

work product doctrine, or by any other applicable statutory or common law privilege or bar on disclosure.  Plaintiff further objects to this request to the extent that it calls for premature disclosure of any documents.

**REQUEST NO. 10:**

All documents relating to any community shelter or homeless shelter that you have communicated with or received benefits from at anytime from 2011 through the present, including, without limitation, any communications with or records from any such shelter.

**OBJECTIONS TO REQUEST NO. 10**

Plaintiff objects to this request on the grounds of relevance and as not reasonably calculated to lead to the discovery of admissible evidence.  Plaintiff further objects to this request to the extent it seeks information protected by applicable common law privilege or bar on disclosure, and will only provide such information insofar as it accord with the parties' Stipulated Protective Order, entered on October 28, 2013 (Dkt. No. 29).

**REQUEST NO. 11:**

All documents relating to any other individual, organization or entity that you have communicated with or received benefits from at anytime from 2011 through the present as a result of the circumstances or damages you allege in your amended complaint, including, without limitation, any communications with or records from any such individual, organization or entity.

**OBJECTIONS TO REQUEST NO. 11**

Plaintiff objects to this request as overbroad, vague, and unduly burdensome.  Plaintiff further objects on the grounds of relevance and as not reasonably calculated to lead to the discovery of admissible evidence.  Plaintiff further objects to this request to the extent it seeks information protected by applicable common law privilege or bar on disclosure, and will only

8

provide such information insofar as it accord with the parties' Stipulated Protective Order, entered on October 28, 2013 (Dkt. No. 29).

**REQUEST NO. 12:**

All documents relating to the travel of Plaintiff from December 2010 through the present, including, without limitation, all travel to and from Morocco.

**OBJECTIONS TO REQUEST NO. 12**

Plaintiff objects to this request on the grounds of relevance and as not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff further objects to this request to the extent that it seeks documents readily available to the Defendants, namely documents in their custody, control or possession, and/or documents created by the Defendants.

**REQUEST NO. 13:**

All documents relating to Plaintiff's appointments, meetings and interviews at the United States Consulate in Morocco, including without limitation, related to any such appointment, meeting or interview in December 2010, January 2011 and/or November 2011.

**OBJECTIONS TO REQUEST NO. 13**

Plaintiff objects to this request to the extent that it seeks documents readily available to the Defendants, namely documents in their custody, control or possession, and/or documents created by the Defendants.

**REQUEST NO. 14:**

All documents provided to the United States Consulate in Morocco by or on behalf of Plaintiff, and all documents received by the Plaintiff from the United States Consulate in Morocco, including any brochures or other informational documents.

**OBJECTIONS TO REQUEST NO. 14**

Plaintiff objects to this request to the extent that it seeks documents readily available to the Defendants, namely documents in their custody, control or possession, and/or documents created by the Defendants.  Plaintiff further objects to this request to the extent it seeks documents not in her care, custody, control, and seeks information that can be obtained from some other source that is more convenient, less burdensome, or less expensive.

**REQUEST NO. 15:**

A complete copy of Plaintiff's passport, including any stamped pages.

**OBJECTIONS TO REQUEST NO. 15**

Plaintiff objects to this request on the grounds of relevance and as not reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST NO. 16:**

All documents relating to Plaintiff's immigration status, and any application to obtain a visa or legal status in the United States, including, without limitation, any such applications and related documentation that have been filed by or on behalf of Plaintiff from November 2011 through the present.

**OBJECTIONS TO REQUEST NO. 16**

Plaintiff objects to this request on the grounds of relevance and as not reasonably calculated to lead to the discovery of admissible evidence.  Plaintiff further objects to the extent this request calls for the production of documents protected by the attorney-client privilege and/or the attorney work product doctrine.

**REQUEST NO. 17:**

All documents relating to any G-5 visa applied for or obtained by Plaintiff.

**OBJECTIONS TO REQUEST NO. 17**

Plaintiff objects to this request to the extent that it seeks documents readily available to the Defendants, namely documents in their custody, control or possession, and/or documents created by the Defendants.  Plaintiff further objects to this request to the extent it seeks documents not in her care, custody, control, and seeks information that can be obtained from some other source that is more convenient, less burdensome, or less expensive.

**REQUEST NO. 18:**

All documents received by Plaintiff from any individual relating to G-5 visas, including the rights and obligations of a G-5 visa holder.

**OBJECTIONS TO REQUEST NO. 18**

Plaintiff objects to this request to the extent that it seeks documents readily available to the Defendants, namely documents in their custody, control or possession, and/or documents created by the Defendants.

**REQUEST NO. 19:**

All documents relating to the termination of Plaintiff's employment by Defendants.

**OBJECTIONS TO REQUEST NO. 19**

Plaintiff objects to this request to the extent that it seeks documents readily available to the Defendants, namely documents in their custody, control or possession, and/or documents created by the Defendants.

**REQUEST NO. 20:**

All bank statements, passbooks, documents regarding any transaction(s), or other documents relating to bank accounts from any bank(s), including international banks, for which

Plaintiff was at any time named as an account holder, or in which she deposited any funds, either personally or through another individual or entity, from January 2011 through the present.

**OBJECTIONS TO REQUEST NO. 20**

Plaintiff objects to this request to the extent that it seeks documents readily available to the Defendants, namely documents in their custody, control or possession, and/or documents created by the Defendants.  Plaintiff further objects to this request as overbroad, on the grounds of relevance, and as not reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST NO. 21:**

Copies of all tax returns and associated documentation for Plaintiff for years 2011 and 2012.

**OBJECTIONS TO REQUEST NO. 21**

Plaintiff objects to this request to the extent that it seeks documents readily available to the Defendants, namely documents in their custody, control or possession, and/or documents created by the Defendants.

**REQUEST NO. 22:**

All photographs taken at anytime from 2010 through the present in which Plaintiff is visible.

**OBJECTIONS TO REQUEST NO. 22**

Plaintiff objects to this request as overbroad, unduly burdensome, on the grounds of relevance, and as not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff objects to this request to the extent that it seeks documents readily available to the Defendants, namely documents in their custody, control or possession, and/or documents created by the Defendants.

**REQUEST NO. 23:**

All documents relating to Plaintiff's allegation that Abouzaid's mother "promised [Plaintiff] that she would be given the chance to learn English and would be given her own room in Defendants' home – and generally promised that life would be better in America."

**OBJECTIONS TO REQUEST NO. 23**

Plaintiff objects to this request to the extent it calls for the production of documents protected by the attorney-client privilege and/or the attorney work product doctrine, and/or the disclosure of Plaintiff's counsel's legal theories and analysis. Plaintiff further objects to the extent this request calls for a premature disclosure of documents to be relied upon at trial. Plaintiff objects to this request to the extent that it seeks documents readily available to the Defendants, namely documents in their custody, control or possession, and/or documents created by the Defendants.

**REQUEST NO. 24:**

All documents relating to Plaintiff's allegation that she "was introduced to Defendant Abouzaid's mother in 2010" at a meeting arranged by her sister who met Defendant Abouzaid's mother while working as a live-in housekeeper in Casablanca, Morocco."

**OBJECTIONS TO REQUEST NO. 24**

Plaintiff objects to this request to the extent it calls for the production of documents protected by the attorney-client privilege and/or the attorney work product doctrine, and/or the disclosure of Plaintiff's counsel's legal theories and analysis. Plaintiff further objects to the extent this request calls for a premature disclosure of documents to be relied upon at trial. Plaintiff objects to this request to the extent that it seeks documents readily available to the

13

Defendants, namely documents in their custody, control or possession, and/or documents created by the Defendants.

**REQUEST NO. 25:**

All documents relating to Plaintiff's travel to and from Marrakech for her mother's cataract eye surgery in 2009, and her lodging in Marrakech for approximately one month following that surgery.

**OBJECTIONS TO REQUEST NO. 25**

Plaintiff objects to this request on the grounds of relevance and as being not reasonably calculated to lead to the discovery of admissible evidence.  Plaintiff further objects to this request as overbroad.

**REQUEST NO. 26:**

All documents relating to Plaintiff's allegation that Plaintiff was "forced…to wear a long, buttoned robe and head scarf at all times."

**OBJECTIONS TO REQUEST NO. 26**

Plaintiff objects to this request to the extent it calls for the production of documents protected by the attorney-client privilege and/or the attorney work product doctrine, and/or the disclosure of Plaintiff's counsel's legal theories and analysis.  Plaintiff further objects to the extent this request calls for a premature disclosure of documents to be relied upon at trial. Plaintiff objects to this request to the extent that it seeks documents readily available to the Defendants, namely documents in their custody, control or possession, and/or documents created by the Defendants.

14

**REQUEST NO. 27:**

      All documents relating to Plaintiff's allegations that she "was forced to work every day, including Sundays, without respite" and that she "was never given time off for vacation, sickness, or personal time while in the United States, with the exception of two hours on certain Sunday afternoons between late August 2011 and November 2011."

**OBJECTIONS TO REQUEST NO. 27**

      Plaintiff objects to this request to the extent it calls for the production of documents protected by the attorney-client privilege and/or the attorney work product doctrine, and/or the disclosure of Plaintiff's counsel's legal theories and analysis.  Plaintiff further objects to the extent this request calls for a premature disclosure of documents to be relied upon at trial.  Plaintiff objects to this request to the extent that it seeks documents readily available to the Defendants, namely documents in their custody, control or possession, and/or documents created by the Defendants.

**REQUEST NO. 28:**

      All documents relating to Plaintiff's allegations that she was forbidden "from making any outside acquaintances or speaking to anyone else, especially individuals of Arab descent, while in the United States" and that she was forbidden from "leaving the family home unaccompanied" and that she did not have a key until August 2011.

**OBJECTIONS TO REQUEST NO. 28**

      Plaintiff objects to this request to the extent it calls for the production of documents protected by the attorney-client privilege and/or the attorney work product doctrine, and/or the disclosure of Plaintiff's counsel's legal theories and analysis.  Plaintiff further objects to the extent this request calls for a premature disclosure of documents to be relied upon at trial.

Plaintiff objects to this request to the extent that it seeks documents readily available to the Defendants, namely documents in their custody, control or possession, and/or documents created by the Defendants.

**REQUEST NO. 29:**

All documents relating to Plaintiff's allegations that Plaintiff shared a joint bank account with Defendant Abouzaid after April 2011.

**OBJECTIONS TO REQUEST NO. 29**

Plaintiff objects to this request to the extent it calls for the production of documents protected by the attorney-client privilege and/or the attorney work product doctrine, and/or the disclosure of Plaintiff's counsel's legal theories and analysis.  Plaintiff further objects to the extent this request calls for a premature disclosure of documents to be relied upon at trial. Plaintiff objects to this request to the extent that it seeks documents readily available to the Defendants, namely documents in their custody, control or possession, and/or documents created by the Defendants.

**REQUEST NO. 30:**

All documents relating to Plaintiff's allegations that Defendant Abouzaid "frequently told [Plaintiff] that she had to reimburse Defendant Abouzaid for an unknown 'amount' needed to open [Plaintiff's bank] account."

**OBJECTIONS TO REQUEST NO. 30**

Plaintiff objects to this request to the extent it calls for the production of documents protected by the attorney-client privilege and/or the attorney work product doctrine, and/or the disclosure of Plaintiff's counsel's legal theories and analysis.  Plaintiff further objects to the extent this request calls for a premature disclosure of documents to be relied upon at trial.

16

Plaintiff objects to this request to the extent that it seeks documents readily available to the Defendants, namely documents in their custody, control or possession, and/or documents created by the Defendants.

**REQUEST NO. 31:**

All documents relating to any money given by Plaintiff to her family in Morocco from 2011 through the present.

**OBJECTIONS TO REQUEST NO. 31**

Plaintiff objects to this request to the extent that it seeks documents readily available to the Defendants, namely documents in their custody, control or possession, and/or documents created by the Defendants. Plaintiff further objects to this request on the grounds of relevance, as overbroad and as not reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST NO. 32:**

All documents relating to any alleged tirades or threats against Plaintiff by Defendants.

**OBJECTIONS TO REQUEST NO. 32**

Plaintiff objects to this request to the extent it calls for the production of documents protected by the attorney-client privilege and/or the attorney work product doctrine, and/or the disclosure of Plaintiff's counsel's legal theories and analysis. Plaintiff further objects to the extent this request calls for a premature disclosure of documents to be relied upon at trial. Plaintiff objects to this request to the extent that it seeks documents readily available to the Defendants, namely documents in their custody, control or possession, and/or documents created by the Defendants.

**REQUEST NO. 33:**

All documents relating to Plaintiff's allegations that Defendants "actively prevented [her] from obtaining…medical care."

**OBJECTIONS TO REQUEST NO. 33**

Plaintiff objects to this request to the extent it calls for the production of documents protected by the attorney-client privilege and/or the attorney work product doctrine, and/or the disclosure of Plaintiff's counsel's legal theories and analysis.  Plaintiff further objects to the extent this request calls for a premature disclosure of documents to be relied upon at trial. Plaintiff objects to this request to the extent that it seeks documents readily available to the Defendants, namely documents in their custody, control or possession, and/or documents created by the Defendants.

**REQUEST NO. 34:**

All documents relating to Plaintiff's alleged "weight loss and physical symptoms" that were allegedly "readily observ[able]" by Defendants.

**OBJECTIONS TO REQUEST NO. 34**

Plaintiff objects to this request to the extent it calls for the production of documents protected by the attorney-client privilege and/or the attorney work product doctrine, and/or the disclosure of Plaintiff's counsel's legal theories and analysis.  Plaintiff further objects to the extent this request calls for a premature disclosure of documents to be relied upon at trial. Plaintiff objects to this request to the extent that it seeks documents readily available to the Defendants, namely documents in their custody, control or possession, and/or documents created by the Defendants.

18

**REQUEST NO. 35:**

A copy of the document that was provided by Defendant Abouzaid to Plaintiff to keep with her in her purse in the event that Plaintiff got lost while out on her own, and which contained Defendants' address and contact information, among other information.

**OBJECTIONS TO REQUEST NO. 35**

Plaintiff objects to this request to the extent that it seeks documents readily available to the Defendants, namely a document in their custody, control or possession, and/or a document created by the Defendants.

**REQUEST NO. 36:**

All documents relating to Plaintiff's alleged "escape" from Defendants' home.

**OBJECTIONS TO REQUEST NO. 36**

Plaintiff objects to this request to the extent that it seeks documents readily available to the Defendants, namely documents in their custody, control or possession, and/or documents created by the Defendants.

**REQUEST NO. 37:**

All documents relating to Plaintiff's allegation that after "escaping" from Defendants' home, she "wandered into a nearby mall, where she fortuitously came across a Moroccan man and woman who helped her call a trafficking hotline and arranged for her transportation to a nearby homeless shelter," including, without limitation, any documents that contain the Moroccan man and woman's name and contact information, as well as that identify the shelter to which she was transportation [sic].

19

**OBJECTIONS TO REQUEST NO. 37**

Plaintiff objects to this request as containing multiple compound subparts.  Plaintiff objects to this request to the extent it calls for the production of documents protected by the attorney-client privilege and/or the attorney work product doctrine, and/or the disclosure of Plaintiff's counsel's legal theories and analysis.  Plaintiff further objects to the extent this request calls for a premature disclosure of documents to be relied upon at trial.

**REQUEST NO. 38:**

All documents relating to Plaintiff's allegation that Defendants induced her "to work against her will and without the legally required amount of pay."

**OBJECTIONS TO REQUEST NO. 38**

Plaintiff objects to this request to the extent it calls for the production of documents protected by the attorney-client privilege and/or the attorney work product doctrine, and/or the disclosure of Plaintiff's counsel's legal theories and analysis.  Plaintiff further objects to the extent this request calls for a premature disclosure of documents to be relied upon at trial.  Plaintiff objects to this request to the extent that it seeks documents readily available to the Defendants, namely documents in their custody, control or possession, and/or documents created by the Defendants.

**REQUEST NO. 39:**

All documents relating to Plaintiff's claim that Defendant Abouzaid breached any contract, whether written or oral, with Plaintiff.

**OBJECTIONS TO REQUEST NO. 39**

Plaintiff objects to this request to the extent it calls for the production of documents protected by the attorney-client privilege and/or the attorney work product doctrine, and/or the

20

disclosure of Plaintiff's counsel's legal theories and analysis.  Plaintiff further objects to the extent this request calls for a premature disclosure of documents to be relied upon at trial. Plaintiff objects to this request to the extent that it seeks documents readily available to the Defendants, namely documents in their custody, control or possession, and/or documents created by the Defendants.

**REQUEST NO. 40:**

Copies of all communications between you or anyone on your behalf, and any other person or entity, other than your attorney(s) that refer or relate to the alleged facts and circumstances that are the subject of this litigation.

**OBJECTIONS TO REQUEST NO. 40**

Plaintiff objects to this request to the extent it calls for the production of documents protected by the attorney-client privilege and/or the attorney work product doctrine, and/or the disclosure of Plaintiff's counsel's legal theories and analysis.  Plaintiff further objects to the extent this request calls for a premature disclosure of documents to be relied upon at trial. Plaintiff objects to this request to the extent that it seeks documents readily available to the Defendants, namely documents in their custody, control or possession, and/or documents created by the Defendants.

**REQUEST NO. 41:**

Copies of transcripts, audio tapes, or any other written or recorded statements concerning the facts and circumstances that are the subject of this litigation.

**OBJECTIONS TO REQUEST NO. 41**

Plaintiff objects to this request to the extent it calls for the production of documents protected by the attorney-client privilege and/or the attorney work product doctrine, and/or the

disclosure of Plaintiff's counsel's legal theories and analysis.  Plaintiff further objects to the extent this request calls for a premature disclosure of documents to be relied upon at trial. Plaintiff objects to this request to the extent that it seeks documents readily available to the Defendants, namely documents in their custody, control or possession, and/or documents created by the Defendants.

**REQUEST NO. 42:**

Copies of all items you receive or have received in response to any subpoenas issued by you or your counsel in this matter.

**OBJECTIONS TO REQUEST NO. 42**

Plaintiff objects to this request on grounds that it seeks documents not in her care, custody, control, as well as seeks information that can be obtained from some other source that is more convenient, less burdensome, or less expensive.

**REQUEST NO. 43:**

All documents relating to the existence, amount and calculation of all monetary damages claimed in this lawsuit.

**OBJECTIONS TO REQUEST NO. 43**

Plaintiff objects to this request to the extent it calls for the production of documents protected by the attorney-client privilege and/or the attorney work product doctrine, and/or the disclosure of Plaintiff's counsel's legal theories and analysis.  Plaintiff further objects to the extent this request calls for a premature disclosure of documents to be relied upon at trial. Plaintiff objects to this request to the extent that it seeks documents readily available to the Defendants, namely documents in their custody, control or possession, and/or documents created by the Defendants.

22

**REQUEST NO. 44:**

Any documents not already produced in response to these requests which relate to the claims set forth in the amended complaint.

**OBJECTIONS TO REQUEST NO. 44**

Plaintiff objects to this request as overbroad, vague, ambiguous, and as not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff objects to this request to the extent it calls for the production of documents protected by the attorney-client privilege and/or the attorney work product doctrine, and/or the disclosure of Plaintiff's counsel's legal theories and analysis. Plaintiff further objects to the extent this request calls for a premature disclosure of documents to be relied upon at trial.

**Dated:** November 4, 2013

Sincerely,

/s/ Mary D. Hallerman
Mary D. Hallerman (VSB #80430)
Emre N. Ilter (admitted *pro hac vice*)
Jennifer R. Taylor (admitted *pro hac vice*)
McDermott Will & Emery LLP
500 North Capitol Street NW
Washington, DC 20001
Telephone: 202-756-8000
Fax: 202-756-8087
E-mail: mhallerman@mwe.com
E-mail: eilter@mwe.com
E-mail: jrtaylor@mwe.com

*Counsel for Plaintiff Khadija Laamime*

23

**CERTIFICATE OF SERVICE**

I hereby certify that on November 4, 2013, I sent the foregoing Plaintiff's Objections to

Defendant's First Set of Requests for Production to counsel for Defendants at the address listed

below via email and U.S. Mail:

> Alexa K. Mosley
> Leffler & Mosley, P.C.
> 10555 Main Street
> Suite 600
> Fairfax, Virginia 22030
> Telephone: 703-293-9300
> Fax:  703-293-9301
> Email: amosely@leffler-law.com

/s/ Emre N. Ilter
Emre N. Ilter (admitted *pro hac vice*)
McDermott Will & Emery LLP
500 North Capitol Street NW
Washington, DC 20001
Telephone: 202-756-8000
Fax: 202-756-8087
E-mail: eilter@mwe.com

*Counsel for Plaintiff Khadija Laamime*
