**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division**

| | | |
|---|---|---|
| KHADIJA LAAMIME, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| | ) | |
| v. | ) | Case No.  1:13-cv-00793-CMH-JFA |
| | ) | |
| SANAA ABOUZAID and AYMAN EL TARABISHY, | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION FOR A
PROTECTIVE ORDER PREVENTING DEFENDANTS' PHYSICAL ATTENDANCE
AT PLAINTIFF'S DEPOSITION AND DEFENDANTS' ATTENDANCE AT EACH
OTHER'S DEPOSITION**

Plaintiff Khadija Laamime hereby submits the following Memorandum of Law in support of her Motion for a Protective Order Preventing Defendants' Physical Attendance at Plaintiff's Deposition and Defendants' Attendance at Each Other's Deposition (Pl. Mtn. or Plaintiff's Motion).   Defendants Sanaa Abouzaid and Ayman El Tarabishy coerced Ms. Laamime's involuntary servitude from January to December, 2011, through a combination of threats, verbal abuse, emotional anguish, seclusion, and harassment.   *See* Dkt. No. 23 ¶¶ 30-73.  As a result of these actions, Plaintiff suffered severe emotional distress that continues into the present. *See id*. ¶¶ 51, 56-57, 63, 147-153.  Further, when reminded of the Defendants' actions or the potential of confronting the Defendants, Plaintiff continues to suffer severe emotional distress.   Indeed, the Defendants' conduct necessitated the previously entered protective order forbidding disclosure of Plaintiff's contact information to the Defendants, as well as forbidding their attendance at Plaintiff's deposition when various questioning regarding Plaintiff's contact information is likely

to arise.  *See* Dkt. No. 29 at Section II.E.  Confronting the Defendants at deposition continues to present significant risk of causing Ms. Laamime further significant emotional distress.  Coupled with concerns regarding the Defendants' history of harassing and intimidating behavior, Ms. Laamime seeks a protective order barring the Defendants from physically attending her deposition.  She instead seeks an alternative arrangement that properly balances her mental, emotional, and physical health with the Defendants' recognized need to view and participate in Ms. Laamime's deposition.

Additionally, the personal nature of a human trafficking suit significantly increases the importance of witness credibility.  Defendants' actions occurred behind closed doors while Ms. Laamime was locked away as Defendants' nanny and housekeeper.  There are few – if any – witnesses to these intimate interactions, rendering witness credibility of significant import.  As such, plaintiff seeks entrance of a protective order preventing the Defendants from attending each other's deposition.  Plaintiff therefore respectfully requests entrance of a protective order preventing Defendants Sanaa Abouzaid and Ayman El Tarabishy from being physically present in the deposition room for Plaintiff's deposition, as well as precluding Defendants from attending or viewing each other's live deposition.

## I.    BACKGROUND

Plaintiff filed her initial complaint on June 27, 2013 (Dkt. No. 1), and her First Amended Complaint on September 20, 2013 (Dkt. No. 23) ("First Am. Compl.").  Plaintiff's First Amended Complaint seeks relief under federal law for involuntary servitude, forced labor, trafficking, and violation of the Fair Labor Standards Act, as well as under state law for breach of contract, false imprisonment, and intentional infliction of emotional distress.  This case arises from the Defendants' extensive mistreatment of Ms. Laamime throughout 2011, when she served

- 2 -

as their housekeeper and nanny.   *See* Dkt. No. 23.   Defendants imprisoned and exploited Ms. Laamime, subjected her to continuous verbal abuse and threats of deportation, and refused to assist Ms. Laamime in seeking medical care despite severe symptoms representing the onset of stomach cancer.   *See* First Am. Compl. ¶¶ 30–75.   In order to keep Ms. Laamime enslaved, Defendants instilled a climate of fear that involved a continuous barrage of verbal threats and abuse from January through December, 2011.   Defendant Abouzaid denigrated Ms. Laamime during violent outbursts and told her that no one would care if she suffered a beating at Defendant Abouzaid's hands.   *Id.* at ¶ 51.   Defendants also told Ms. Laamime that her every action was recorded on video, and threatened that a single misstep would bring the police to deport Ms. Laamime.   *Id.* at ¶ 40, 54–55.   Defendants did not shy away from leveraging Ms. Laamime's immigration status to control her every thought and action, which was bolstered by Ms. Laamime's total isolation from the outside world.   *Id.* at ¶¶ 51–57.   Ms. Laamime was forbidden associating with anyone outside the home, rendering her completely dependent on Defendants by design.   *Id.* at ¶ 82.

Defendants' continuous verbal and emotional abuse, coupled with the threat of physical violence and deportation, harmed Ms. Laamime as much as it benefitted Defendants' object of control.   Defendants' treatment of Ms. Laamime caused her to suffer severe emotional distress and left her traumatized to the point of incapacity when subjected to Defendants' company.[1]   *Id.* at ¶ 57.   Just as Ms. Laamime was unable to confront her captors during her enslavement, the relic of Defendants' abuse has left Ms. Laamime subject to continued emotional distress in their presence.

---

[1] Plaintiff served two expert reports on November 15, 2013, supporting these allegations.   One report comprises Exhibit B, and is subject to Plaintiff's contemporaneously-filed motion for leave to file under seal.

Discovery in this matter began on September 11, 2013 (Dkt. No. 21), and fully closes on January 17, 2014 (Dkt. No. 44). On December 20, 2013, Defendants submitted a Notice of Deposition for Ms. Laamime, by which they intend to take Plaintiff's oral deposition on January 7, 2014. *See* Ex. A. Recognizing the sensitive dynamics at play in this case, the Court has already granted a protective order that excludes Defendants from any of Ms. Laamime's depositions during certain lines of questioning. (Dkt. 29 at Section II.E.) Given the psychological harm that Ms. Laamime would suffer if subjected to Defendants' presence, Ms. Laamime hereby seeks entrance of a protective order preventing Defendants from physically attending her deposition on January 7, 2014. In addition, given the significant role each party's credibility plays in this highly personal matter, Ms. Laamime seeks a protective order precluding the Defendants from attending each other's deposition to ensure she can obtain testimony untainted by the other Defendant's recollections and statements.

## II.    LEGAL STANDARD

Federal Rule of Civil Procedure 26(c)(1)(E) permits the Court to enter a protective order that limits attendees at a deposition. *See* Fed. R. Civ. P. 26(c)(1)(E) (permitting court to enter protective order "designating the persons who may be present while the discovery is conducted"). Such discretion stems from the Court's authority to enter an order for "good cause . . . to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1). The Supreme Court has interpreted this language as conferring "broad discretion on the trial court to decide when a protective order is appropriate and what degree of protection is required." *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 36 (1984). "The party seeking a protective order has the burden of establishing 'good cause' by demonstrating that 'specific prejudice or harm will result if no protective order is granted.'"

*United States ex rel. Davis v. Prince*, 753 F. Supp. 2d 561, 565 (E.D. Va. 2010) (quoting *Phillips v. Gen. Motors Corp.*, 307 F.3d 1206, 1210–11 (9th Cir. 2002)).   Good cause supports both of Plaintiff's requests.

## III.   ARGUMENT

### A.   Good Cause Exists to Prevent Defendants From Being Physically Present in the Deposition Room During Plaintiff's Deposition

Given the demonstrable harm the Defendants' physical presence at Plaintiff's deposition would inflict upon Plaintiff, as well as the Defendants' history of mentally and emotionally coercing Plaintiff, good cause exists to prevent the Defendants from physically attending Plaintiff's deposition.   A court may issue a protective order barring "parties from attending depositions in certain limited circumstances."   *Tolbert-Smith v. Bodman*, 253 F.R.D. 2, 4 (D.D.C. 2008); *see also Galella v. Onassis*, 487 F.2d 986, 997 (2d Cir. 1973) (stating that "it is clear that the court has the power to exclude even a party, although such an exclusion should be ordered rarely indeed").   Such rare circumstances exist here and support barring the Defendants from physically attending the deposition of Plaintiff.

### 1.   Good Cause Exists Because the Defendants' Physical Presence at Ms. Laamime's deposition will cause Ms. Laamime Severe Emotional Distress

A protective order forbidding the physical attendance of two defendant employers at the deposition of the plaintiff is proper if their presence will cause the plaintiff to suffer emotional distress.   In *Tolbert-Smith*, the District Court for the District of Columbia granted a protective order barring two defendants, who were previously the plaintiff's supervisors and were subsequently sued for discrimination, from attending the plaintiff's deposition when doing so would subject the plaintiff to significant emotional distress.   253 F.R.D. at 5.   The plaintiff suffered from bipolar disorder marked by suicidal ideation, and had alleged that the defendant

- 5 -

Case 1:13-cv-00793-CMH-JFA   Document 47   Filed 12/27/13   Page 6 of 13 PageID# 532


supervisors had discriminated and retaliated against her.  *Id.* at 3.  Upon arriving at her deposition, the plaintiff found the two defendant supervisors in the deposition room, and became visibly upset.  *Id.*  The plaintiff's attorneys then moved for a protective order and presented testimony from plaintiff's psychiatrist suggesting that "the 'clearly defined and serious injury' that will result from this deposition going forward is severe depressive stress possibly resulting in suicide."  *Id.* at 4.  Faced with such concerns, the court found good cause sufficient to support a protective order barring the two defendants from the deposition room.  Instead, the defendants were permitted to be in the same building, but in a separate room from the plaintiff, and were entitled to confer with their counsel for ten minutes every hour.  *Id.* at 5.

Similarly, the heart of this case turns upon the Defendants' infliction of severe emotional distress upon Plaintiff.  *See* Dkt. No. 23 at ¶¶ 51, 56-57, 63, 147-153 (describing pattern of verbal abuse and imposition of climate of fear rendering Ms. Laamime too terrified to even speak in Defendant Abouzaid's presence).   In support of these allegations, Ms. Laamime has previously produced a pair of expert reports to Defendants documenting the depth of the Defendants' mistreatment and the resulting emotional distress incurred by Ms. Laamime.  *See* Proposed Ex. B.[2]  While the specifics of these diagnoses remain protected health information not amenable to inclusion within a public filing, their findings evince good cause no less than the declarations presented in *Tolbert-Smith*.  Further, because both Defendants' actions were the genesis for Ms. Laamime's emotional distress, their very presence in the deposition room presents significant risk of triggering further severe emotional distress.  This Court should

---

[2] Given the confidential nature of the protected health information included within this report, submission of Exhibit B forms the predicate for Plaintiff's contemporaneously-filed Motion for Leave to File Exhibit B Under Seal.  The report contained within Exhibit B was served upon Defendants via U.S. mail and e-mail on November 15, 2013.

therefore enter a protective order barring Defendants from physically attending Plaintiff's deposition.

> 2. **Good Cause Exists Because the Defendants' Physical Presence at Ms. Laamime's Deposition Is Likely to Subject Ms. Laamime to Harassment and Intimidation**

Even if the Defendants' presence were not to cause severe emotional distress, their actions alone present good cause to prohibit their physical attendance at Plaintiff's deposition. In the seminal case of *Galella v. Onassis*, the Second Circuit upheld entrance of a protective order barring the plaintiff, a member of the so-called Paparazzi, from attending the deposition of the defendant, Jacqueline Onassis. 487 F.2d at 997. In so holding, the Second Circuit noted that the plaintiff, who had obsessively tailed Ms. Onassis and her children and insinuated himself in their lives, had demonstrated an "irrepressible intent" to continue harassing the defendant and had demonstrated a complete disregard for the judicial process. *Id.* As such, misconduct could be reasonably be anticipated at the defendant's deposition.

Similarly, the Defendants' previous conduct attests to their intent to harass and intimidate Ms. Laamime, as well as their disregard for societal norms. When previously in Ms. Laamime's presence, the Defendants attempted to control every aspect of her life, and became enraged when Ms. Laamime attempted to clarify or question their unreasonable expectations. *See, e.g.*, Dkt. No. 23 ¶¶ 40-43, 51-58. The Defendants berated, threatened, demeaned, and insulted Ms. Laamime to coerce her continued obedience, and refused to even aid her as she became increasingly ill with what turned out to be an aggressive stomach cancer. *See* id. ¶¶ 50-68. This inhumane treatment continued until Ms. Laamime's abrupt departure in December 2011. *See* id. ¶¶ 69-75. Indeed, the Defendants' actions evince such disregard for societal norms that this Court previously entertained and entered a protective order on October, 28, 2013, that expressly

bars divulging Plaintiff's present contact information (address, phone number, etc…) to Defendants. *See* Dkt. No. 29 at Section II.  To ensure the order's efficacy, this court prohibited the Defendants' presence in the deposition room should Plaintiff be asked "a question or line of questions which may be reasonably anticipated to lead to testimony disclosing Plaintiff's Contact Information." *Id.* at Section II.E.  Accordingly, Plaintiff's fear of harassment and intimidation is sufficiently particularized as to support a finding of good cause and entrance of a protective order barring the Plaintiffs from being physically present in the deposition room at Plaintiff's deposition.

> **3.**     **Plaintiff Is Amenable to the Defendants Viewing Her Deposition on Closed-Circuit Television and Conferring with Their Attorney Throughout Plaintiff's Deposition**

Similar to the court in *Tolbert-Smith*, Plaintiff is amenable to alternative arrangements that ensure the Defendants are provided an adequate opportunity to view and participate in Plaintiff's deposition while also ensuring Plaintiff's mental health and safety are adequately protected.  Accordingly, Plaintiff proposes that Defendants be permitted to view her live deposition on closed-circuit television in a nearby room, and be permitted to confer with their attorney for ten minutes every hour.  While the parties were unable to reach an agreement during a meet-and-confer teleconference prior to filing, Plaintiff and her attorneys remain ready and willing to work with Defendants' counsel and the court to reach and acceptable compromise.

> **B.**     **Good Cause Exists to Preclude Defendants From Attending or Viewing Each Other's Deposition**

Plaintiff seeks a protective order precluding the Defendants from attending each other's deposition to ensure she can obtain "'the independent recollection of each deponent without that recollection having been influenced, properly or improperly, by the depositions previously taken.'" *Milsen Co. v. Southland Corp.*, 16 Fed. R. Serv. 2d 110, at *1 (N.D. Ill. June 12, 1972)

- 8 -

(quoting *Queen City Brewing Co. v. Duncan,* 42 F.R.D. 32, 33 (D. Md. 1966)).   Defendants, along with Plaintiff, are the primary witnesses in this matter – and the sole source of documentary information from Plaintiff's employment.   As such, this case turns heavily upon the Defendants' credibility in regaling events that took place at least two years ago.   Indeed, recognizing the importance of each party's credibility, Defendants just recently sought to compel production of Plaintiff's immigration status for the express purpose of attacking her credibility. *See* Dkt. No. 35 at 4-5.   Further complicating this calculus is that the Defendants reside together as husband and wife, greatly increasing the potential and opportunity for coordination of testimony.   *Cf. Calhoun v. Mastec, Inc.*, No. 03-cv-0386S, 2004 WL 1570302 (W.D.N.Y. June 1, 2004) (entering order prohibiting non-party husband and wife from attended each other's deposition in part because of "defense counsel's concern that [the wife's] testimony might influence [the husband's] subsequent testimony, consciously or subconsciously, and could alter [the husband's] recollection of events").

In such situations, this Court "has the authority to limit who may attend depositions even to the exclusion of parties to the suit." *Beacon v. R. M. Jones Apartment Rentals*, 79 F.R.D. 141, 141-42 (N.D. Ohio 1978).   In *Beacon*, the court granted a protective order preventing defendants in a Title VII action from attending the deposition of one another. In so finding, the court held that "[q]uestions of credibility are inherent in such actions, and this route, which is the equivalent of an order of separation of witnesses, made routinely in trials, will permit the greatest opportunity for evaluation of the testimony secured." *Id.* at 142.

A similar result is warranted here.   By attending each other's deposition, the Defendants will have the opportunity to coordinate their testimony in real time and bolster their credibility. This raises significant concerns in the present matter, where the allegations surround actions that

occurred behind closed doors while Plaintiff was locked away in the Defendants' home.  There are few, if any, eyewitnesses to confirm or deny Plaintiff's allegations, and none that were privy to the intimate aspects of Plaintiff's employment.  This case involves human trafficking, a personal affront designed to occur outside the public eye and without detection.  So sensitive and under-reported is human trafficking that Congress in 2003 created private causes of action under which to pursue traffickers, such as the Defendants.  *See* Pub. L. 108-193, 117 Stat. 2875 (2003) (reauthorizing Trafficking Victims Protection Act of 2000 and creating civil causes of action for use against traffickers because "[t]rafficking in persons continues to victimize countless men, women, and children in the United States and abroad").  Given the importance of witness credibility in pursuing such an action and the unique nature of the allegations, evidence, and causes of action in this case, good cause supports entrance of a protective order preventing the Defendants from attending each other's deposition.

*     *     *

Whereby, Ms. Laamime therefore respectfully requests that this Court enter a protective order (i) precluding Defendants Sanaa Abouzaid and Ayman El Tarabishy from being physically present in the deposition room during Plaintiff's deposition, as well as (ii) precluding Defendants from attending or viewing each other's live deposition.  A proposed protective order specifying these terms is appended hereto.

Dated: December 27, 2013

Respectfully Submitted,

/s/ Mary D. Hallerman
Mary D. Hallerman (VSB # 80430)
Lauren A. D'Agostino (VSB # 80275)
Jennifer R. Taylor (admitted *pro hac vice*)
Emre N. Ilter (admitted *pro hac vice*)
McDermott Will & Emery LLP
500 North Capitol Street, N.W.
Washington, DC 20001
Telephone:  202-756-8000
Fax: 202-756-8087
Email: mhallerman@mwe.com
Email: ldagostino@mwe.com
Email: jrtaylor@mwe.com
Email: eilter@mwe.com


*Attorneys for Plaintiff Khadija Laamime*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Alexandria Division**

|  |  |  |
|---|---|---|
| KHADIJA LAAMIME, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| | ) | |
| v. | ) | Case No.  1:13-cv-00793-CMH-JFA |
| | ) | |
| SANAA ABOUZAID and AYMAN EL | ) | |
| TARABISHY, | ) | |
| | ) | |
| Defendants. | ) | |

**[PROPOSED] ORDER GRANTING PLAINTIFF'S MOTION FOR A PROTECTIVE ORDER PREVENTING DEFENDANTS' PHYSICAL ATTENDANCE AT PLAINTIFF'S DEPOSITION AND DEFENDANTS' ATTENDANCE AT EACH OTHER'S DEPOSITION**

It is hereby ORDERED that Plaintiff's Motion for a Protective Order Preventing Defendants' Physical Attendance at Plaintiff's Deposition and Defendants' Attendance at Each Other's Deposition Is GRANTED.  Defendants Sanaa Abouzaid and Ayman El Tarabishy are hereby precluded from being physically present in the deposition room for Plaintiff's deposition, and are hereby precluded from attending or viewing each other's live deposition.

SO ORDERED

_____
The Honorable John F. Anderson
United States Magistrate Judge

Dated: _____

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on December 27, 2013, a copy of the foregoing was served with the

Clerk of Court using the CM/ECF system, and that all counsel of record are registered users and

will receive notification of this filing.

/s/ Mary D. Hallerman
Mary D. Hallerman (VSB # 80430)
McDermott Will & Emery LLP
500 North Capitol Street, N.W.
Washington, DC 20001
Telephone:  202-756-8000
Fax: 202-756-8087
Email: mhallerman@mwe.com