IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| KHADIJA LAAMIME, ) | |
| ) | |
| Plaintiff ) | |
| ) | |
| v. ) | Case No. 1:13-cv-793 CMH/JFA |
| ) | |
| SANAA ABOUZAID, *et al.*, ) | |
| ) | |
| Defendants. ) | |

**BRIEF IN OPPOSITION TO PLAINTIFF'S
CROSS-MOTION FOR PROTECTIVE ORDER**

The defendants, Sanaa Abouzaid ("Ms. Abouzaid") and Ayman El Tarabishy ("Mr. El Tarabishy") (together, the "Defendants"), hereby submit the following Brief in Opposition to Plaintiff's Cross-Motion for Protective Order (Dkt. No. 36).

**I.   BACKGROUND**

Plaintiff filed her initial complaint on June 27, 2013 (Dkt. No. 1), and her First Amended Complaint on September 20, 2013 (Dkt. No. 23) ("First Am. Compl."). Plaintiff's First Amended Complaint seeks relief for alleged involuntary servitude, forced labor, trafficking, violation of the Fair Labor Standards Act, breach of contract, false imprisonment, and intentional infliction of emotional distress.

On October 18, 2013, Defendants submitted their First Requests for Production of Documents (the "First RFPs"), and Defendant Abouzaid's First Set of Interrogatories (the "First Interrogatories"). On October 28, 2013, the Court entered the Stipulated Protective Order (Dkt. No. 29). The Stipulated Protective Order allows the parties to designate sensitive materials as "Confidential," thereby restricting disclosure of such materials except to "Qualified Persons" for the purposes of, and within the context of, this litigation.

Plaintiff objected to producing discovery responses related to her immigration status. Defendants filed a motion to compel related, in part, to a request seeking any applications for a visa and related documents (Dkt. No. 33). Plaintiff opposed Defendants' motion to compel and filed a cross-motion for protective order. (Dkt. No. 36). The cross-motion for protective order was noticed for a hearing on a later date. On December 20, 2013, this Court entered an order granting in part and denying in part Defendants' motion to compel (Dkt. No. 42). Plaintiff was ordered to produce copies of any applications she has filed to obtain a Visa or legal status in the United States.

Defense counsel received the applications on December 30, 2013.[1] Based upon an initial review, such documents include a description of her time with the Defendants, including their alleged treatment of her and the circumstances surrounding how she was hired, as well as the termination of her employment. They further reference communications with a previously undisclosed individual regarding the facts and circumstances alleged in this lawsuit. Moreover, the documents include additional facts related to her bases for a Visa, including information about her undesirable conditions she would have to return to in Morocco. In addition, the documents reflect a material omission regarding Plaintiff's financial status, as well as other facts such as the approximate six weeks she spent in Morocco during the 11 month period of her employment.

## II.   ARGUMENT

Information related to Plaintiff's immigration status is directly relevant to this action. Indeed, as previously argued by Defendants in support of their motion to compel, this information is vital to

---

[1] Plaintiff improperly designated the documents as "Attorneys' Eyes Only." Given the limited amount of time to review the documents and address them herein, Defendants' counsel did not have an opportunity to discuss this issue with Plaintiff's counsel prior to filing this brief. As such, a copy of these documents is not being filed at this time.

the Defendants with respect to their defense that the Plaintiff was motivated to allege that she was the victim of trafficking, and to fabricate facts to that effect, in order to obtain legal status in the United States.  The documents Plaintiff has filed with the United States Citizenship and Immigration Services further support Defendants' theory of this case.  In addition, it is clear from Plaintiff's applications that she has had additional, undisclosed communications regarding the issues alleged in this lawsuit.

Plaintiff has not articulated any prejudice that she would suffer as a result of discovery related to her immigration status.  It is clear from her filings that Citizenship and Immigration Services is aware of her present circumstances and immigration status.  As such, there is no concern that she will suffer any prejudicial effects in that regard.  Moreover, Defendants have offered and agreed to treat any information related to Plaintiff's immigration status as confidential under the Stipulated Protected Order.  As such, Defendants would be precluded from disclosing or using the information outside of this litigation.  Defendants simply want an opportunity to conduct routine discovery into an issue that they have raised as a defense.  See Equal Employment Opportunity Commission v. Global Horizons, Inc., No. 11-cv-3045, 2013 WL 3940674 (E.D. Wash. 2013) (permitting defendants to obtain discovery related to T Visa status and applications under similar circumstances).  See also Camayo v. John Peroulis & Sons Sheep, Inc., No. 10-cv-772, 2012 WL 5931716 (D. Colo. 2012) (compelling discovery regarding T Visa and finding that an order restricting the use of the information for purposes of the lawsuit only was the appropriate way to address the plaintiff's concerns).  Reasonable inquires about previous statements made regarding the issues alleged in this lawsuit, as well Visa applications files, are neither threatening nor harassing.

There is no evidence that Plaintiff will be prejudiced in any way by answering discovery related to her immigration status and applications. Conversely, by withholding the requested information, Defendants' ability to defend these claims will be substantially limited.

## III.   CONCLUSION

For the foregoing reasons, Defendants request that this Court deny the Plaintiff's cross-motion for a protective order

**Dated:**  December 30, 2013			Respectfully Submitted,

					SANAA ABOUZAID and
					AYMAN EL TARABISHY
					By Counsel



					_____/s/_____
					Alexa K. Mosley (VSB #71300)
					Rodney G. Leffler (VSB #18742)
					Attorneys for Defendants
					LEFFLER & MOSLEY, P.C.
					10555 Main Street
					Suite 600
					Fairfax, Virginia  22030
					Tel: (703) 293-9300
					Fax: (703) 293-9301
					Email: amosley@leffler-law.com
					Email: rleffler@leffler-law.com

4

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on the 30th day of December, 2013, I electronically filed the foregoing with the Clerk of Court using CM/ECF system, which will send a notification of such filing to:

>Mary D. Hallerman, Esq.
>McDermott Will & Emery LLP
>500 North Capitol Street, N.W.
>Washington, DC 20001
>mhallerman@mwe.com

>_____/s/_____
>Alexa K. Mosley (VSB #71300)
>Attorney for Defendants
>LEFFLER & MOSLEY, P.C.
>10555 Main Street
>Suite 600
>Fairfax, Virginia  22030
>Tel: (703) 293-9300
>Fax: (703) 293-9301
>Email: amosley@leffler-law.com